689 P.2d 566

**In re the Marriage of Kerryn Louise Numkena LEON, Petitioner-Appellant,**

v.

**Alan NUMKENA, Respondent-Appellee.**

**No. 1 CA–CIV 6531.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 7, 1984.

Review Denied Oct. 23, 1984.

Hunt, Stanley, Hossler & Rourke, Ltd. by H. Berkeley Rourke, Yuma, for petitioner-appellant.

Mangum, Wall, Stoops & Warden by Robert W. Warden, Flagstaff, for respondent-appellee.

## OPINION

FROEB, Judge.

In this domestic relations case, the husband was awarded custody of the minor children in the Hopi Tribal Court. The wife thereafter brought a dissolution and custody proceeding in the Superior Court of Arizona. We uphold the ruling of the superior court dismissing the case. It ruled that the Hopi Tribal Court had the necessary jurisdiction to enter a decree in the matter which would bar later proceedings in state court.

The relevant facts are as follows. Alan Numkena, a Hopi Indian and a member of the Hopi Indian Tribe (referred to as husband), and Kerryn Louise Numkena Leon, a non-Indian (referred to as wife), were married for almost seven years. They originally married in Rock Island, Illinois, were later divorced by a decree of the Hopi Tribal Court, and then remarried in Las Vegas, Nevada. Subsequently, the wife again filed for divorce in the Hopi Tribal Court, thus submitting herself personally to its jurisdiction. The husband filed an answer to the petition for dissolution and appeared at the hearings.

The Hopi Tribal Court issued a decree on February 15, 1980, dissolving the marriage. Temporary custody of the four children was awarded to the wife. A hearing was later held on the issue of permanent custody of the children. As a result of the later custody hearing, the Hopi Tribal Court issued an order on May 13, 1981, awarding

309

permanent custody of the children to the husband.

Some time later, the wife married her present husband, George Leon, and moved to the Colorado River Indian Reservation near Parker, Arizona. She then filed another petition for dissolution of her marriage to Alan Numkena, this time in the Yuma County Superior Court. On February 17, 1982, the Yuma court issued an *ex parte* order granting temporary custody of the children to the wife. Thus began the legal tug-of-war now before us.

The husband moved to dismiss the superior court dissolution action and to vacate all *ex parte* orders previously issued by the Yuma County Superior Court. The motion was granted and the action was dismissed. The wife appeals from the order.

Although many questions are raised by the wife, we resolve this appeal by deciding the following issues:

1. Whether the Hopi Tribal Court had subject matter jurisdiction to adjudicate a domestic relations dispute between a non-Indian plaintiff and an Indian defendant;

2. Whether the courts of the State of Arizona must give full faith and credit or comity to divorce and child custody decrees of the Hopi Tribal Court.

The wife argues that the Superior Court of Arizona erred when it dismissed her complaint. She contends that the superior court had jurisdiction to grant dissolution and award custody because the Hopi Tribal Court was without subject matter jurisdiction to adjudicate the claim for dissolution and custody and the decree which followed was void.

■ It is well settled that a foreign judgment may be attacked in the forum court if the rendering court lacked subject matter jurisdiction. *Phares v. Nutter,* 125 Ariz. 291, 609 P.2d 561 (1980). We therefore first analyze the subject matter jurisdiction of the Hopi Tribal Court to dissolve a marriage and award a custody decree where the party initiating the proceeding is

a non-Indian and the defendant is a Hopi Indian. We are mindful of the general rule that the burden of proof is upon the party attacking the validity of a foreign judgment. *See Banco de Sonora v. Morales,* 23 Ariz. 248, 203 P. 328 (1922); *Matter of Marriage of Red Fox,* 23 Or.App. 393, 542 P.2d 918 (1975).

■ Subject matter jurisdiction relates to the power of a court to hear and determine a general class of cases to which a particular proceeding belongs. *State ex rel. Milstead v. Melvin,* 140 Ariz. 402, 682 P.2d 407 (1984); *First National Bank and Trust Co. v. Pomona Mach. Co.,* 107 Ariz. 286, 486 P.2d 184 (1971). The wife argues, and we agree, that the parties cannot, by consent, give a court jurisdiction over a subject matter for which the court does not otherwise have jurisdiction. *Porter v. Porter,* 101 Ariz. 131, 416 P.2d 564 (1966), *cert. denied,* 386 U.S. 957, 87 S.Ct. 1028, 18 L.Ed.2d 107 (1967). A court's jurisdiction of the subject matter in a divorce case exists when a constitution or statute specifically confers upon the court such jurisdiction. *Timmerman v. Timmerman,* 163 Neb. 704, 81 N.W.2d 135 (1957). This power is likewise conferred upon Indian courts by their constitutions or tribal codes. *See generally* Cohen, *Federal Indian Law,* p. 428 (1958).

■ In order to determine whether the Hopi Tribal Court had subject matter jurisdiction, it is appropriate to examine the local law of the Hopi Tribe. *See Restatement (Second) Conflict of Laws,* § 105(b) (1971). Article III of the Constitution and By-Laws of the Hopi Tribe of Arizona (approved December 19, 1936) provides that the Hopi Tribe is a union of self-governing villages. Section 2 of Art. III provides that the villages have powers to regulate domestic relations:

The following powers which the Tribe now has ... are reserved to the individual villages:

\* \* \* \* \* \*

(b) To adjust family disputes and regulate family relations of members of the villages.

Article VI, Section 1(g) sets forth the power of the Tribal Council "[t]o make ordinances ... to set up courts for the settlement of claims and disputes ...." Pursuant to this power, in 1972, the Hopi Tribal Council enacted Ordinance 21, the Hopi Tribal Code, which established the Hopi Tribal Courts.[1] Section 1.7.1 of the Code provides as follows:

CIVIL JURISDICTION. The Trial Court shall have original jurisdiction of all causes of action arising on the Hopi Reservation wherein the defendants to the action are Indians as defined in 3.1.-1(k) hereof.

Thus, while state court jurisdiction over divorce matters is primarily based upon the *plaintiff's* domicile,[2] most current tribal codes, as well as the Hopi Tribal Code, vest divorce jurisdiction in tribal courts only in those suits where the *defendant* is a member of the tribe within their jurisdiction. Canby, *Civil Jurisdiction and the Indian Reservation*, 1973 Utah L.Rev. 206 (Summer, 1973).

■ In this case, it is undisputed that the husband is an Indian and a member of the Hopi Tribe and, thus, pursuant to the provisions of the Hopi Code, the Hopi Tribal Court had subject matter jurisdiction to adjudicate the dissolution of the marriage and to enter a custody order relating to the children. The wife has not presented any authority which compels a different conclusion.[3]

■ If the underlying *facts* relating to subject matter jurisdiction had been in dispute, our inquiry would shift to whether these facts were res judicata as having been "fully and fairly litigated and finally decided in the court which rendered the original judgment." *See Lofts v. Superior Court*, 140 Ariz. 407, 410, 682 P.2d 412, 415 (1984). *See also Firedoor Corp. of America v. Tibshraeny Bros. Construction, Inc.*, 126 Ariz. 392, 616 P.2d 67 (App.1980). Since jurisdictional facts were not in contention or litigated, the superior court was correct when it determined as a matter of law that the Hopi Tribal Court had subject matter jurisdiction.

Since the Hopi Tribal Court had subject matter jurisdiction to decide the domestic relations dispute between the husband and wife, we next consider whether the Superior Court of Arizona must recognize the decree of dissolution and custody order issued by the tribal court.

While some state courts give decisions of tribal courts the same "full faith and credit" accorded decrees of sister states, *see, e.g., Matter of Adoption of Buehl*, 87 Wash.2d 649, 555 P.2d 1334 (1976), other courts have held them entitled to the same deference shown decisions of foreign nations as a matter of comity. *See Matter of Marriage of Red Fox.* In *Red Fox*, the Oregon appellate court compared a tribal court decree to a foreign judgment which "should be held conclusive upon the merits tried in the foreign court...." 542 P.2d at

1. Ordinance 21 abolished the then existing Hopi Tribal Court of Indian Offenses which had been established pursuant to 25 C.F.R. Section 11.1, *et seq.*

2. Jurisdiction of the Superior Court of Arizona to make child custody determinations is based upon the domicile, home state, presence, or best interests and state connections of the child. A.R.S. § 8–403(A).

3. Although the parties go to great lengths to show the existence or lack of reservation-based contacts of the parties, such contacts would be relevant only if the issue were whether the tribal court had *exclusive* jurisdiction to adjudicate these domestic relations claims. *See Williams*

*v. Lee*, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959) (tribal court had exclusive jurisdiction in an action brought by a non-Indian against an Indian upon a reservation-based civil claim and thus dismissed the action brought in state court). *See also* Canby, *Civil Jurisdiction and the Indian Reservation*, 1973 Utah L.Rev. 220–21 (Summer, 1973). We need not decide whether the Hopi Tribal Court had *exclusive* jurisdiction, but only whether it initially had jurisdiction to adjudicate this claim. We therefore do not decide whether the Superior Court of Arizona would have concurrent jurisdiction to adjudicate this domestic relations matter had it been brought in such court initially.

922, *quoting, Hilton v. Guyot,* 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895).

 The Arizona Supreme Court has rejected the application of full faith and credit to tribal court judgments, but it has found a Navajo divorce decree conclusive and binding against challenge in superior court. *Begay v. Miller,* 70 Ariz. 380, 222 P.2d 624 (1950). *See also In re Lynch's Estate,* 92 Ariz. 354, 377 P.2d 199 (1962) ("proceedings held in the Navajo Tribal Court must be treated the *same as* proceedings in a court of another state or foreign country ..."). Under the principle of "comity," courts of one jurisdiction will give effect to the laws and judicial decisions of another jurisdiction, not as a matter of obligation, but out of deference and mutual respect. *Brown v. Babbit Ford, Inc.,* 117 Ariz. 192, 571 P.2d 689 (App. 1977). We are presented with no reason to reject the principle of comity in the case before us.

Finally, the wife argues that even assuming the Hopi Tribal Court had jurisdiction to enter the divorce decree and child custody order, the Yuma County Superior Court had jurisdiction to modify the custody order pursuant to the state's continuing jurisdiction established by A.R.S. § 8-401, *et seq.,* the Uniform Child Custody Jurisdiction Act. We do not reach this argument because the wife did not assert the application of this Act in the proceedings in the trial court; in fact, she specifically argued that the Act did *not* apply. Even if we were to assume that the Act applies to this matter, the wife has not proceeded in accordance with its terms relating to the modification of an existing decree. *See* A.R.S. § 8-414.

In summary, we conclude that because the parties were properly before the Hopi Tribal Court, which had subject matter jurisdiction, the decree of dissolution and custody order of that court were conclusive. The order of the Superior Court of Yuma County vacating the temporary custody or-

der and dismissing the dissolution proceeding is therefore affirmed.

GRANT, P.J., and CORCORAN, J., concur.