In the Matter of the GUARDIANSHIP OF William FLYINGHORSE, An Incompetent Person.

No. 16896.

Supreme Court of South Dakota.

Considered on Briefs April 25, 1990.

Decided June 13, 1990.

Billy Joe Jones, Dakota Plains Legal Services, Fort Yates, N.D., for appellant Flyinghorse.

Curtis Hanks, McIntosh, for appellee.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUES

William Flyinghorse (Flyinghorse) appeals from a November 13, 1989 order denying his motion to dismiss the guardianship proceedings brought against him. A petition was granted requesting the circuit court to appoint a guardian over his person and estate. On October 2, 1989, an order appointing the First Interstate Bank of Sioux Falls as his corporate guardian was obtained. No official record was made of the guardianship proceedings. On Appeal, Flyinghorse alleges:

(1) That the circuit court lacked subject matter jurisdiction over this guardianship action involving an enrolled member of the Standing Rock Sioux Tribe residing on the

Standing Rock Sioux Indian Reservation; and

(2) That Federal Law, 38 U.S.C. 3202, does not confer subject matter jurisdiction on state courts to appoint guardians for reservation Indians who receive Veterans Administration benefits.

We reverse.

## FACTS

■ Flyinghorse is an eighty-nine (89) year old enrollee of the Standing Rock Sioux Tribe (Tribe). Flyinghorse is a veteran of the United States Armed Forces, having fought in both World War I and World War II. He is the recipient of a monthly $2,100.00 pension check from the Veteran's Administration (VA).

Due to Flyinghorse's advanced age and declining health, he has been periodically hospitalized. On August 7, 1989, the family of Flyinghorse left him at the Five Counties Hospital and Nursing Home in Lemmon, South Dakota without making any arrangements for his care. On August 9, 1989, he was taken to the Veteran's Administration Hospital at Fort Meade, South Dakota for care and evaluation.

Flyinghorse was declared both physically and mentally incompetent by the psychiatrist and doctors at the Veteran's Administration Hospital and was authorized to have long-term care at the Fort Meade Facilities.

At the time of the hearing on the Petition for Guardianship, the VA had already assumed guardianship for Flyinghorse under 38 U.S.C. § 3202 and made arrangements with the First Interstate Bank of Sioux Falls to be the corporate guardian of the estate of Flyinghorse.

On November 13, 1989, the circuit court denied Flyinghorse's Motion to Dismiss the Guardianship Petition and entered an order appointing the First Interstate Bank the corporate guardian over the estate of Flyinghorse.

## DECISION

■ The circuit court lacked subject matter jurisdiction over this guardianship action. Subject matter jurisdiction is the authority to decide a particular type of dispute. *See, State ex rel. Joseph v. Redwing,* 429 N.W.2d 49 (S.D.1988). The test for determining whether a state court may assume jurisdiction over claims involving Indians was set forth in *Williams v. Lee,* 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959): "The question has always been whether the state action [would infringe on the reservation Indians to make their own laws and be ruled by them]." *Accord: Matter of Guardianship of Sasse,* 363 N.W.2d 209 (S.D.1985).

In *Sasse,* this Court recognized that state courts lack the subject matter jurisdiction to appoint guardians and administer the estates of reservation Indians. The issue, in *Sasse,* was "whether the circuit court was without jurisdiction to appoint a guardian over the person and estate of Alice M. Sasse (an Indian residing on the Pine Ridge Reservation) and to thereafter supervise the guardianship." This Court concluded that jurisdiction was lacking under *Williams v. Lee,* 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959).

In the present case, Flyinghorse was domiciled on the Standing Rock Sioux Indian Reservation at all pertinent times. His estate, which consisted of his VA pension, was being received there and spent there. It appears from the petition of the VA office that the reason for filing the petition was the perception that Flyinghorse's family, who live on the reservation, were not properly caring for him and were not spending his money in his best interest. Further, all parties involved in this case are Indians residing on the reservation.

The Veteran's Administration has an interest in assuring that monies paid to a veteran are spent on his behalf. However, their interest can be preserved in a manner less intrusive upon tribal sovereignty because the Tribe provides for its elderly members who are unable to care for themselves and their estates through the probate section (Title XIV) of the Standing Rock Code of Justice. It is apparent that the circuit court's exercise of jurisdiction interfered with the operation of tribal law

and that subject matter jurisdiction is lacking in this case.

■ It should be noted that 38 U.S.C. § 3202 [1] does not, in and of itself, confer subject matter jurisdiction on state courts to appoint guardians for those who receive Veteran's Administration benefits. Rather, 38 U.S.C. § 3202 grants the Veteran's Administration the authority to petition an *appropriate* court for the appointment of a guardian to supervise the expenditure of Veteran's Administration benefits.[2] In this case, the circuit court is not the appropriate court because it lacks jurisdiction to hear this case.

Reversed.

All the Justices concur.

---

1. (b) Whenever it appears that any guardian, curator, conservator, or other person, in the opinion of the Administrator, is not properly executing or has not properly executed the duties of the trust of such guardian, curator, conservator, or other person or has collected or paid, or is attempting to collect or pay, fees, commissions, or allowances that are inequitable or in excess of those allowed by law for the duties performed or expenses incurred, or has failed to make such payments as may be necessary for the benefit of the ward or the dependents of the ward, then the Administrator may appear, by the Administrator's authorized attorney, in the court which has appointed such fiduciary, or in any court having original concurrent, or appellate jurisdiction over said cause, and make proper presentation of such matters. The Administrator, in the Administrator's discretion, may suspend payments to any such guardian, curator, conservator, or other person who shall neglect or refuse, after reasonable notice, to render an account to the Administrator from time to time showing the application of such payments for the benefit of such incompetent or minor beneficiary, or who shall neglect or refuse to administer the estate according to law. The Administrator may require the fiduciary, as part of such account, to disclose any additional financial information concerning the beneficiary (except for information that is not available to fiduciary). The Administrator may appear or intervene by the Administrator's duly authorized attorney in any court as an interested party in any litigation instituted by the Administrator or otherwise, directly affecting money paid to such fiduciary under this section.

2. We are also of the opinion that the Veteran's Administration cannot, by administrative fiat, confer jurisdiction on a state court.