**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Brenda L. CROW, Defendant and Appellant.**

**No. 17916.**

Supreme Court of South Dakota.

Considered on Briefs on Jan. 14, 1993.

Decided Aug. 11, 1993.

---

Mark Barnett, Atty. Gen., Scott Bogue, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Richard Hopewell, Bruce E. Lambertson, Sioux Falls, for defendant and appellant.

PER CURIAM.

## ACTION

Brenda L. Crow (Crow) appeals from a judgment convicting her of driving while under the influence of an alcoholic beverage, third offense. SDCL 32–23–1(1), SDCL 32–23–4. We affirm.

## FACTS

Crow pled guilty to third offense driving while under the influence on March 26, 1992. This conviction was based in part on an October 27, 1990 DUI that Crow pled guilty to on January 23, 1991.

On October 27, 1990, Officer Wegener saw Crow drive through a stop sign at the intersection of LaFayette and Center Streets in Flandreau. Crow saw Officer Wegener and stopped past the stop sign. She then turned into the southbound lane of Center Street. Officer Wegener turned his car around and stopped Crow's car within a few blocks of the Center Street/LaFayette intersection. The stop was made on Center Street's southbound lane.

Officer Wegener immediately noticed the strong odor of alcohol coming from Crow as she spoke. Following her performance of field sobriety tests Crow was arrested for DUI. She was taken to the Flandreau Hospital for blood tests. She later pled guilty to this offense in the circuit court of the Fourth Judicial Circuit.

LaFayette Street is under state jurisdiction. The southbound lane of Center Street where Crow was stopped and arrested is under tribal jurisdiction while the northbound lane is under state jurisdiction. Crow argued that since the DUI arrest was made in Indian country Officer Wegener had no jurisdiction to make the arrest and the trial court had no jurisdiction over her case. Therefore, this conviction should not be used to support the current conviction for DUI, third offense.

The trial court disagreed. It concluded:

1. That the Court on the underlying conviction had jurisdiction over the Driving While Under the Influence charge;

2. That the previous conviction is valid;

3. That the previous conviction can be used on the Supplemental Information to enhance the potential punishment.

ISSUE

WHERE STATE ARRESTED CROW, AN INDIAN, IN INDIAN COUNTRY, DID THE STATE COURT HAVE JURISDICTION TO CONVICT CROW?

Because she was stopped and arrested on reservation land Crow contends that the state's circuit court lacked jurisdiction over her case.

> Subject matter jurisdiction relates to the power of a court to hear and determine a general class of cases to which a particular proceeding belongs.
>
> *Leon v. Numkena,* 142 Ariz. 307, 689 P.2d 566, 568 (1984) (citations omitted). *See also Harris v. Young,* 473 N.W.2d 141, 143–44 (S.D.1991); *In re Guardianship of Flyinghorse,* 456 N.W.2d 567, 568 (S.D.1990); *State ex. rel. Joseph v. Redwing,* 429 N.W.2d 49, 51 (1988).
>
> A court's jurisdiction of the subject matter ... exists when a constitution or statute specifically confers upon the court such jurisdiction. *Timmerman v. Timmerman,* 163 Neb. 704, 81 N.W.2d 135 (1957). This power is likewise conferred upon Indian courts by their constitutions or tribal codes. *See generally* Cohen, *Federal Indian Law,* p. 428 (1958). *Leon,* 689 P.2d at 568.

*Red Fox v. Hettich,* 494 N.W.2d 638, 643–644 (S.D.1993).

■ In *State v. Spotted Horse,* 462 N.W.2d 463 (S.D.1990), this court recognized that South Dakota does not have jurisdiction over Indian country and the state may not exercise partial jurisdiction over highways running through reservations. An illegal arrest on the reservation does not bar a state court prosecution of a crime committed off the reservation, however:

> When a person accused of a crime is found within the territorial jurisdiction wherein he is so charged and is held under process legally issued from a court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged is impaired by the manner in which he was brought from another jurisdiction, whether by kidnapping, illegal arrest, abduction, or irregular extradition proceedings.

*Spotted Horse,* 462 N.W.2d at 467, quoting *State v. Winckler,* 260 N.W.2d 356, 363 (S.D.1977).

Spotted Horse had been seen within Mobridge with expired license plates, chased at high speeds eight miles onto the reservation, and was arrested for failure to display current vehicle registration. On the ride back to Mobridge the officer noticed the smell of alcohol on Spotted Horse's breath. Following field sobriety testing at the Mobridge police station Spotted Horse was arrested for DUI. This court affirmed the verdict on the failure to display current registration since the offense was committed off the reservation and the officer independently obtained evidence of this offense before the illegal arrest. The field sobriety and blood test evidence was held inadmissible because the seizure of Spotted Horse was a violation of his Fourth Amendment rights.

■ In Crow's case she was observed running a stop sign in land under state jurisdiction. Clearly there was a reasonable and articulable suspicion justifying a stop. *State v. Thill,* 474 N.W.2d 86 (S.D. 1991). In addition to the stop sign violation, she was arrested for DUI. The fact that the stop and arrest occurred a few blocks into Indian country did not deprive the state circuit court of subject matter jurisdiction, *Red Fox, supra.*

■ There is one important distinction between the Spotted Horse case and Crow's case, however. A jury convicted Spotted Horse of DUI. 462 N.W.2d at 464. Crow, however, pled guilty to the DUI she now attempts to attack.

> This court has consistently followed the general rule that a voluntary and intelligent plea of guilty waives a defendant's right to appeal all nonjurisdictional defects in the prior proceedings. *State v. Grosh,* 387 N.W.2d 503 (S.D.1986); *State v. Janssen,* 371 N.W.2d 353 (S.D.1985); *State v. Morrison,* 337 N.W.2d 825 (S.D.

1983); *State v. Culton,* 273 N.W.2d 200 (S.D.1979); *State v. Losieau,* 266 N.W.2d 259 (S.D.1978); *State v. Jordan,* 261 N.W.2d 126 (S.D.1978).

When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea ...

*Grosh, supra,* 387 N.W.2d at 507 (quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973).

The erroneous denial of a motion to suppress evidence would be a nonjurisdictional defect. *Losieau, supra, Jordan, supra.* Because he pled guilty, defendant waived any such nonjurisdictional defect. He may only attack the voluntary and intelligent nature of his guilty plea.

*State v. Schulz,* 409 N.W.2d 655, 656–657 (S.D.1987). Therefore, Crow's guilty plea waived suppression of evidence obtained by the arrest.

Consequently the trial court correctly denied Crow's motion to dismiss the supplemental information.

Affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.