880 P.2d 728

**MARICOPA COUNTY, a political subdivision, Plaintiff/Appellee,**

v.

**ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM, an agency of the State of Arizona and Leonard J. Kirschner, in his official capacity as Director of the Arizona Health Care Cost Containment System Administration, Defendants/Appellants.**

**No. 2 CA–CV 94–0031.**

Court of Appeals of Arizona,
Division 2, Department B.

April 5, 1994.

Review Denied Sept. 20, 1994.

Richard Romley, Maricopa County Attorney by Sydney K. Davis, Phoenix, for plaintiff/appellee.

Johnston, Maynard, Grant & Parker by Catherine M. Dodd, Phoenix, for defendants/appellants.

**OPINION**

HATHAWAY, Judge.

This is an appeal by the Arizona Health Care Cost Containment System (AHCCCS) from the trial court's order vacating a deci-

sion by AHCCCS. The issue on appeal is whether appellee Maricopa County (Maricopa) is financially responsible for all medical expenses incurred by the "K" family from the time it was erroneously certified as eligible for AHCCCS coverage throughout the following six-month certification period. The superior court determined that it was not. We affirm.

On March 26, 1990, Maricopa County began processing the "K" family's request for AHCCCS certification. It was certified as eligible on April 4, 1990. At that time, Mrs. "K" was hospitalized and incurring continuing medical expenses. The certification period lasted until October 31, 1990. In July 1990, the "K" file was selected for a quality control analysis by AHCCCS pursuant to A.R.S. § 36–2905.02. The AHCCCS Quality Control Analysis Report issued in December 1990, revealed that Maricopa had erroneously certified the "K" family as AHCCCS eligible on April 4, 1990, based upon misinformation about excess income in the amount of $628.86. Between April 4 and 5, 1990, Mrs. "K" incurred further medical expenses in the amount of $687.84. It is undisputed that the erroneous certification resulted from an understatement of income by the "K" family. Both parties agree that the error was not a result of applicant fraud, although it was likewise not an error attributable to Maricopa, and this opinion therefore does not address the situation where improper certification results from county error.

AHCCCS requested reimbursement for all costs incurred during the entire period of certification, April 4, 1990, through October 31, 1990. Maricopa challenged the amount of reimbursement due, arguing that it should only be responsible for costs incurred from April 4, the date of erroneous certification, through April 5, when Mrs. "K" incurred additional expenses sufficient to absorb the excess income. The AHCCCS Challenge Committee ruled against Maricopa's challenge. Maricopa filed a grievance against AHCCCS which was denied. Maricopa then filed a complaint in superior court and obtained a reversal of the administration's decision.

The issue before us is one of statutory interpretation and is therefore a question of law subject to *de novo* review. *Cochise County v. Kirschner,* 171 Ariz. 258, 830 P.2d 470 (App.1992). Although administrative interpretations of statutes should be accorded some weight, they are not binding on this court. *McLeod v. Chilton,* 132 Ariz. 9, 643 P.2d 712 (App.1981), *cert. denied,* 459 U.S. 877, 103 S.Ct. 172, 74 L.Ed.2d 141 (1982). We conclude that a fair reading of the statute, and one that avoids an absurd result, is that advanced by Maricopa. *St. Joseph's Hosp. & Medical Center v. Maricopa County,* 130 Ariz. 239, 635 P.2d 527 (App. 1981).

A.R.S. § 36–2905.02(A), entitled in part, "county liability for erroneous payments; reimbursement by county," provides, in part:

> If the administration ascertains pursuant to this subsection that a person so certified by the county was in fact ineligible or improperly classified when certified or that the county failed to take timely action to discontinue benefits after receiving notice containing cause for ineligibility, the county shall reimburse the system for expenses improperly incurred. . . .

AHCCCS argues that Maricopa is responsible for the expenses improperly incurred for the duration of the certification period, relying on A.R.S. § 36–2905(E)(1), which contains the "spend-down" provision:[1]

> Each county shall:
>
> 1. Deduct from the calculation of income medical expenses incurred by each applicant for which the applicant is responsible for payment and which are not subject to any applicable third party payments for the twelve months immediately prior to determination of eligibility for classification as a medically needy person under this section. Medical expenses incurred do not include the cost of services provided by

---

1. Our understanding of "spend-down" is that it is a process whereby an applicant whose income exceeds the AHCCCS minimum may qualify for AHCCCS if medical expenses incurred in the twelve months prior to certification are deducted from the applicant's income.

a county free of charge or on a subsidized basis.

The "K" family unquestionably incurred sufficient medical expenses within 24 hours of the improper eligibility classification to bring its income within the AHCCCS eligibility parameters. However, as a result of inaccurate income reported by the "K" family, and through no fault of Maricopa, this error went undiscovered until it was reported in the Quality Control Analysis Report in December 1990. The only reason Maricopa is accepting responsibility for payment of the $687.84 incurred between April 4 and 5, is because of the error, not because the "K" family had otherwise applied for or qualified for county assistance. It is this latter situation in which an individual receives county assistance, that the "services provided by a county free of charge" language of A.R.S. § 36–2905(E)(1) addresses, not the circumstances in this case.

We agree with the superior court that A.R.S. § 39–2905.02(A), the erroneous payments section, is more closely analogous to subsection (E) of § 39–2905.02,[2] which "relieves the county from the requirement of reimbursement if the eligibility determination was based on information subsequently proved to be fraudulent to the extent that 'such information would have justified the eligibility determination if it had not been fraudulent ...'" rather than the more punitive result suggested by AHCCCS. AHCCCS' resolution of the issue is analogous to other portions of the statute where the legislature has expressed a more punitive intent. E.g., A.R.S. § 36–2905.02(F)[3] Maricopa's liability should be limited to the amount AHCCCS paid prior to the "K" family's eligibility on April 5, 1990, in the amount of $628.86, as ordered by the superior court.

AHCCCS' refusal to deem the "K" family eligible until it actually paid for the additional medical expenses is unreasonable. This position ignores the reality of the situation; the "K" family believed itself to be covered by AHCCCS and had no reason to pay for expenses incurred one day after "certification."

A better reading of the statute is that spend-down of income for eligibility purposes should be based upon "*incurred* medical expenses rather than *actual expenditures....*" *Walter O. Boswell Memorial Hosp., Inc. v. Yavapai County,* 148 Ariz. 385, 390, 714 P.2d 878, 883 (App.1986) (emphasis added). This position was adopted by Division One of this court in *Boswell,* a case that addressed eligibility for county indigent medical care pursuant to A.R.S. § 11–297, a statute which closely parallels A.R.S. § 36–2905 (the AHCCCS "spend-down" statute). The *Boswell* court relied upon the notions of reasonableness, common sense and justice in ruling that the critical issue was whether the patient *incurred* sufficient expenses to satisfy the "spend-down" requirement, rather than whether the patient actually paid for those expenses. The same reasoning likewise applies in this case, where the "K" family incurred sufficient medical expenses to satisfy AHCCCS eligibility within 24 hours of the erroneous certification. Statutes should be liberally construed to effect their objectives and to promote justice. A.R.S. § 1–211(B). The purpose of the AHCCCS statutes is to provide financial assistance to qualified individuals, which includes the "K" family, and not to reject individuals based on a technical, unrealistic interpretation.

The decision of the superior court is affirmed, and Maricopa County is ordered to

2. A.R.S. § 36–2905.02(E) provides:

This section does not apply to any county eligibility determination for any person who is later discovered to have been ineligible if the determination was based on information subsequently proved to be fraudulent, but only if such information would have justified the eligibility determination if it had not been fraudulent. No person found ineligible pursuant to this section shall be entitled to hospitalization and health care under § 11–291 if he fails to meet the county eligibility standards otherwise provided.

3. On request by the administration a county shall provide the administration with original eligibility files for the purpose of conducting a quality control analysis pursuant to this section. If a county fails to provide a case file within fifteen calendar days of the postmarked date of administration notice, the county is liable to the administration for expenses incurred or paid for medical services prescribed in § 36–2907 from the date the county approved the member's eligibility certification through the date in which the certification period ends.

reimburse appellants the improperly incurred expenses of $628.86.

DRUKE, C.J., and ESPINOSA, P.J., concur.