673 P.2d 988

The STATE of Arizona, Petitioner/Appellant,

v.

The CITY COURT OF the CITY OF TUC-SON, and the Honorable Karen Adam, a Magistrate thereof, Respondents,

and

Laurence GILLETTE, Real Party in Interest, Respondent/Appellee.

No. 2 CA–CIV 4857.

Court of Appeals of Arizona, Division 2.

Dec. 22, 1983.

Frederick S. Dean, Tucson City Atty. by Susan R. Agrillo, Tucson, for petitioner/appellant.

Kelly C. Knop, P.C. by Adrian S. Hall, Tuscon, for respondent/appellee real party in interest.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a judgment by the superior court denying special action relief. We accept jurisdiction under Rule 8(a), Rules of Procedure for Special Actions, 17A A.R.S. The facts in this case are as follows. Laurence Gillette was involved in an accident on August 4, 1982. He was injured and transported to Tucson Medical Center. The police officer responded to the hospital and, having read Gillette his *Miranda* warnings, asked him three times if he would take a blood test. Each time he refused the test. At this time the police officer asked the attending physician if he would be taking any blood from Gillette. When the physician responded in the affirmative, the police officer requested that he be given some of the blood. The physician agreed and the lab attendant drew blood and gave the sample to the police officer. A motion to suppress the evidence of the blood test was granted. The state took a special action from this judgment and when the special action relief was denied, this appeal was taken.

The question on appeal is under what circumstances can the state obtain a sample of a defendant's blood pursuant to A.R.S. § 28–692(M) after the defendant has refused a blood test pursuant to A.R.S. § 28–691(D). Section 28–691(D) states in pertinent part:

> "If a person under arrest refuses to submit to a test designated by the law enforcement agency as provided in subsection (A) of this section, none shall be given."

Subsection (A) of that section states that a person operating a motor vehicle is presumed to give consent to blood or breath tests when a police officer has reasonable grounds to believe that the person is under the influence. A.R.S. § 28–692(M) reads:

> "Notwithstanding any other provision of law to the contrary if a law enforcement officer has probable cause to believe that a person has violated this section and a blood sample is taken from that person for any reason a portion of that sample shall be provided to a law enforcement officer if requested for law enforcement purposes."

This appeal raises the question of whether the words "for any reason" above

**246**

allow a law enforcement officer to request a blood test to be taken over the objections voiced by the defendant pursuant to § 28–691(D) or whether the words "for any reason" require that the test be made independently of the law enforcement purposes involved. As we hold that "for any reason" means for any reason other than for law enforcement purposes, we shall also address the issue of what constitutes a showing that a sample was taken for other than law enforcement purposes.

It is the general rule of statutory construction that the statute should be read and construed as a whole and given a comprehensive and harmonious meaning. *Greyhound Parks of Arizona v. Waitman,* 105 Ariz. 374, 464 P.2d 966 (1970). *Stuart v. Winslow Elementary School District No. 1, Navajo County,* 100 Ariz. 375, 414 P.2d 976 (1966). In addition we must presume that the legislature had no intention of doing a futile act when it included a particular provision in the statute. *Campbell v. Superior Court,* 105 Ariz. 252, 462 P.2d 801 (1969). To hold that § 28–692(M) overrides § 28–691(D) and allows a law enforcement officer solely for law enforcement purposes to request a doctor to take a blood test over the objections of a person who has knowingly and intelligently refused to take this test under § 28–691(D) would make that right of refusal a nullity. This the legislature could not have possibly intended. As to the showing required by the prosecution in this instance, we refer to Rule 16.2(b), Arizona Rules of Criminal Procedure, 17 A.R.S., which states in pertinent part: "The prosecutor shall have the burden of proving, by a preponderance of the evidence, the lawfulness in all respects of the acquisition of all evidence which he will use at trial." See *State v. Greenawalt,* 128 Ariz. 150, 624 P.2d 828 (1981).

█ In the instant case the police officer testified as follows:

"I asked the attending physician, 'Are you going to be taking blood from Mr. Gillette?', and he said, 'Yes'. I said, 'Well, are you aware that under the new DWI Statute we're entitled to a sample of the blood?' He said, 'Fine'. The lab technician came down and personally gave it to me."

The trial court held that this was inadequate proof because there was no expert witness, either a lab technician or a physician, to testify that the blood was taken for medical reasons. This asks too much. The statute specifically states "for any reason." The reason itself need not necessarily be medical and in any case no proof that the reason was medical is required. The police officer's uncontroverted testimony was that the physician intended, prior to the police officer's request, to take a blood sample from the defendant. It was only after the physician told the police officer that he intended to do this that the police officer requested a portion of the blood sample. It was not necessary that the physician explain the medical purpose of the blood sample to the police officer. It was only necessary that the blood sample would have been taken anyway. As this evidence was uncontroverted, the city attorney has sustained its burden of proof as required by Rule 16.2(b).

The decision of the superior court is reversed and the superior court is instructed to grant to petitioner/appellant the relief requested.

HATHAWAY and BIRDSALL, JJ., concur.