928 P.2d 653

**ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM, Plaintiff–Appellant,**

v.

**Jacqueline L. BENTLEY and Jerry Bentley, individually and as husband and wife, Defendants–Appellees.**

No. 1 CA–CV 95–0032.

Court of Appeals of Arizona, Division 1, Department C.

May 2, 1996.

Reconsideration Denied July 10, 1996.

Review Denied Dec. 17, 1996.

Johnston Maynard Grant and Parker, P.L.C. by Logan T. Johnston, Margo F. Shein, Phoenix, for Plaintiff–Appellant.

Haralson, Kinerk & Morey by Carter Morey, Linda S. Sherrill, Tucson, for Defendants–Appellees.

OPINION

LANKFORD, Judge.

The Arizona Health Care Cost Containment System ("AHCCCS") appeals from summary judgment denying its claim for recovery of the costs of medical treatment for Jacqueline Bentley. AHCCCS also appeals from the award of attorneys' fees to Bentley.

The superior court decided that AHCCCS lacked a statutory basis for recovery from the proceeds of Bentley's settlement from third-party tortfeasors. We reverse because Ariz.Rev.Stat.Ann. ("A.R.S.") section 12–962(B)(3) (1992) authorizes AHCCCS's recovery.

The facts are undisputed. Bentley was admitted to the University Medical Center after experiencing Toxic Shock Syndrome. Bentley was enrolled in AHCCCS, the state agency that administers the delivery of health care services to Arizona's eligible indigent population pursuant to A.R.S. section 36–2901 *et seq.* (1993). Through the AHCCCS system, $89,497.51 was paid to Bentley's health care providers for the medical care and treatment she had received to date for her injuries.[1]

Due to the alleged negligence of her health care providers in failing to timely diagnose and treat this condition, Bentley suffered catastrophic injuries. Bentley filed a medical malpractice claim against the health care providers. The defendants paid $2,500,-000.00 in settlement. Her net recovery, after attorneys' fees and costs were deducted, was $1,084,050.94.

After the settlement, AHCCCS sought to recover from Bentley the $89,497.51 paid for her medical care. AHCCCS discussed a possible compromise of its claim with Bentley. When no agreement could be reached, AHCCCS sued to recover the full amount.

AHCCCS argued that two statutory provisions authorized it to recover from Bentley:

A.R.S. section 12–962 (1992), which provides for subrogation rights; and A.R.S. section 36–2903(G) (1993), which provides for assignment rights.[2] Cross-motions for summary judgment were filed. The superior court granted summary judgment to Bentley, ruling that neither statute allowed AHCCCS to recover. AHCCCS timely appealed to this court.

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Orme School v. Reeves,* 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). We review the propriety of summary judgment de novo. *Hawkins v. Department of Econ. Sec.,* 183 Ariz. 100, 103, 900 P.2d 1236, 1239 (App.1995). We also review issues of statutory interpretation de novo. *Id.*

### I.

We first consider whether AHCCCS could recover through the assignment rights afforded by A.R.S. section 36–2903(G). This statutory subsection provides in relevant part:

> [T]he administrator shall coordinate benefits provided under this article to any eligible person who is *covered by workers' compensation, disability insurance, a hospital and medical service corporation, a health care services organization or other health or medical or disability insurance plan, or who receives payments for accident-related injuries,* so that any costs for hospitaliza-

1. AHCCCS will enroll a person who is eligible for AHCCCS benefits in one of the health plans or health care service organizations with which it contracts to provide care. The health plan or health care service is then responsible for either providing the health care or for subcontracting with other health care providers. A.R.S. § 36–2904 (1993). AHCCCS remains the payor of last resort in situations in which the individual is determined to be AHCCCS eligible but has not yet been enrolled in a health plan. A.R.S. § 36–2903(G) (1993). In this instance, Bentley had been enrolled in medical plans, which paid for her medical treatment and care. According to AHCCCS, it will distribute its recovery proportionately among the plans.

2. It is undisputed that AHCCCS would have been entitled to recover the costs of the medical care

and treatment from Bentley's tort settlement proceeds if it had timely perfected a lien pursuant to A.R.S. section 36–2915. It is also undisputed that AHCCCS did not perfect a lien for this medical care and treatment.

A.R.S. section 36–2915(A) provides in relevant part:

The [AHCCCS] administration is entitled to a lien for the charges for hospital or medical care and treatment of an injured person for which the administration or a provider is responsible, on any and all claims of liability or indemnity for damages accruing to the person to whom hospital or medical services is rendered, or to the legal representative of such person, on account of injuries giving rise to such claims and which necessitated such hospital or medical care and treatment.

tion and medical care paid by the system are recovered from any other available *third party payors.* . . . The director may require eligible persons to assign to the system rights to all *types of medical benefits* to which the person is entitled, including but not limited to first party medical benefits under automobile insurance policies. The state has a right to subrogation against any other person or firm to enforce the assignment of medical benefits.

(Emphasis added).

AHCCCS obtained three separate assignments from persons authorized to act on Bentley's behalf. These documents assigned all of Bentley's rights to "insurance and any other third party liability benefits" and to "medical support and payments for medical care from any third party payor."

■ The issue is whether insurance and third party liability payments are assignable under the statute. An administrative agency has no powers other than those delegated by the Legislature. *Cochise County v. Kirschner,* 171 Ariz. 258, 261–62, 830 P.2d 470, 473–74 (App.1992). "The scope of an agency's power is measured by statute and may not be expanded by agency fiat." *Cochise County v. Arizona Health Care Cost Containment Sys.,* 170 Ariz. 443, 445, 825 P.2d 968, 970 (App.1991).

The only assignment authorized by A.R.S. section 36–2903(G) is assignment of "all types of *medical benefits* to which the person is entitled." (Emphasis added). Thus, the assignments that AHCCCS obtained apply to proceeds from a third-party tort settlement *only if* the proceeds are "medical benefits."

■ We therefore must consider the meaning of the statute's words, "medical benefits." "Words contained in statutes are to be given their ordinary meaning unless the context in which they are used suggests another meaning." *Sunpower of Arizona v. Arizona State Registrar of Contractors,* 166 Ariz. 437, 440, 803 P.2d 430, 433 (App.1990). In construing statutes we look to the statute as a whole, and construe together all parts of the statute relating to the same subject. *Talley v. Industrial Comm'n,* 137 Ariz. 343, 346, 670 P.2d 741, 744 (App.1983).

■ "Medical benefits" does not include tort settlement proceeds. The term "medical benefits" ordinarily means payments for medical treatment to which a person has some entitlement by contract or statute. The context does not suggest a different meaning. Indeed, the omission of tort liability payments from the other listed benefits to be recovered from third parties reveals that the Legislature did not intend "medical benefits" to include tort settlement proceeds. *Cf. Sawyer v. Ellis,* 37 Ariz. 443, 449, 295 P. 322, 325 (1931); *Geller v. Meek,* 496 N.E.2d 103, 108 n. 21 (Ind.App.1986) (applying the maxim *expressio unius exclusio alterius,* which means "the enumeration of certain things in a statute implies the exclusion of all others"). A.R.S. section 36–2903(G) provides no right to recover Bentley's tort settlement proceeds.

## II.

■ The next question is whether another statute, A.R.S. section 12–962(B)(3), provides AHCCCS with a basis for recovering from Bentley's settlement proceeds. A.R.S. section 12–962 [3] creates a right to recover from

---

**3.** Section 12–962 provides:

A. If this state or any of its political subdivisions is required by law to furnish medical care and treatment to a person who is injured or suffers a disease under circumstances creating tort liability upon a third person, the state or political subdivision, either jointly or severally, may recover from the third person or the claimant the reasonable value of the medical care and treatment. To the extent of this right, this state or a political sub-division is subrogated to the injured or diseased person, his guardian, personal representative, estate, dependents or survivors with reference to any right

or claim they might have against the third person. The head of the department or agency furnishing the medical care or treatment may require the injured or diseased person, his guardian, personal representative, estate, dependents or survivors to assign his claim or cause of action against the third person to the extent of the reasonable value of the medical care or treatment.
B. To enforce such right, the state or political subdivision may do the following:
1. Intervene or join in any action or proceeding brought by the injured or diseased person, his guardian, personal representative, estate, dependents or survivors against the

a third party tortfeasor, through subrogation or assignment, the reasonable value of medical care and treatment provided by the State or any of its subdivisions required by law to furnish the care.

It is undisputed that AHCCCS was legally required to furnish medical care and treatment to Bentley and that it did so. It is also undisputed that Bentley recovered on a third-party tort claim including the same injuries for which the AHCCCS system provided medical care.

The superior court, however, denied recovery under A.R.S. section 12–962(B)(3). It found that AHCCCS could not recover because it is a "state agency" rather than the "state" or "political subdivision" mentioned in the statute. Additionally, the superior court denied recovery because AHCCCS itself is not legally required to provide medical care, but is merely required to enter into contracts with entities that provide the care.

We hold that AHCCCS has a right of recovery pursuant to A.R.S. section 12–962(B)(3).[4] We reject the superior court's conclusion that in specifying that the State or political subdivision may recover under the statute, the Legislature intended to deny a department or an agency of the State the right to recover.

Initially, we note that Bentley conceded at oral argument that recovery would be proper if this action had been filed in the name of the State instead of AHCCCS. Absent a clear legislative directive to the contrary, we will not deny recovery on such a distinction.

 Statutes must be given a sensible construction that accomplishes the legislative intent and which avoids absurd results. *Collins v. State*, 166 Ariz. 409, 415, 803 P.2d 130, 136 (App.1990). It is presumed that the Legislature does not intend to do a futile act when it enacts a statute. *State v. City Court of Tucson*, 138 Ariz. 244, 246, 673 P.2d 988, 990 (App.1983).

An interpretation that would deny recovery to a state agency or department would render the statute meaningless. We know of no instance in which the State—without involving one of its agencies or departments such as AHCCCS—is required by law to furnish medical care and treatment. On the other hand, section 12–962(A) suggests that the Legislature intended the term "state" to encompass "state department or agency" by referring to the "department or agency furnishing the medical care or treatment."

 We also reject the superior court's conclusion that AHCCCS may not recover because it contracted with others to provide

---

third person who is liable for the injury or disease.

2. If an action or proceeding is not brought by the injured or diseased person, his guardian, personal representative, estate, dependents or survivors within six months after the first day on which the medical care and treatment was furnished, institute and prosecute legal proceedings against the third person who is liable for the injury or disease for which the medical care and treatment was furnished. The action or proceeding may be brought in state or federal court, either in the name of the state or political subdivision, or in the name of the injured or diseased person, his guardian, personal representative, estate, dependents or survivors, or in conjunction with the injured or diseased person, his guardian, personal representative, estate, dependents or survivors.

3. Recover the cost of care from the injured or diseased person or his estate to the extent that such person has received money in settlement of his claim or satisfaction of a judgment against the third party.

C. If an action or proceeding is brought in the name of the state or political subdivision

pursuant to subsection B, paragraph 2 of this section, the injured or diseased person, his guardian, personal representative, estate, dependents or survivors shall not be required to join such action or proceeding.

4. AHCCCS argues that two cases have already recognized that AHCCCS has a right to recover under A.R.S. section 12–962. *See Matter of Yakel*, 97 B.R. 580, 581 (D.Ariz.1989) (stating that "[t]he Arizona Legislature passed A.R.S. § 12–962 (Supp.1987) to provide state agencies like AHCCCS a variety of methods to seek reimbursement."); *Nationwide Mut. Ins. Co. v. Arizona Health Care Cost Containment Sys.*, 166 Ariz. 514, 517, 803 P.2d 925, 928 (App.1990) (stating that A.R.S. section 12–962(A) "allows AHCCCS to recover the cost of medical care furnished to a person who is injured 'under circumstances creating tort liability upon a third person' directly from that third person or from the claimant"). While both decisions observed that AHCCCS may recover pursuant to A.R.S. section 12–962, whether AHCCCS was a proper party to bring the action was not squarely before the courts. These cases do not dispose of the issue.

medical care instead of providing care directly. Section 12–962 provides the State with a right to recover the costs of the medical care and treatment that *it is required by law to provide.* The federal Medicaid program *requires* participating states to make "medical assistance" available to those "categorically eligible." *Mercy Healthcare Arizona, Inc. v. Arizona Health Care Cost Containment System,* 181 Ariz. 95, 97, 887 P.2d 625, 627 (App.1994). AHCCCS is the agency through which Arizona participates in the federal Medicaid program. *Id.* In addition, the Arizona Legislature has extended the coverage to be provided by AHCCCS to three "noncategorical" groups. *See id.* Even though AHCCCS provides its assistance through contracts, it is still the agency legally responsible for furnishing the medical care and treatment. *See id.*

■ We also reject Bentley's argument that the availability of lien rights under section 36–2915 preempts recovery by AHCCCS under section 12–962. Section 12–964 states that the remedy provided for in section 12–962 is in addition to any other remedies.[5] Moreover, the nature of AHCCCS's rights under these statutes differs, and thus the remedies are complementary rather than merely cumulative. The term "lien" generally "is a charge or encumbrance upon property to secure the payment or performance of a debt, duty, or other obligation," and it "is distinct from the obligation which it secures." *Matlow v. Matlow,* 89 Ariz. 293, 297–98, 361 P.2d 648, 651 (1961) (citing 53 C.J.S. Liens § 1, at 826). Thus A.R.S. section 36–2915 provides AHCCCS with new and different rights from those it had under A.R.S. section 12–962.

■ Bentley also argues that, even if AHCCCS may seek recovery under section 12–962, it cannot recover all of its costs. Bentley claims that most services provided to

Bentley at the Posada Del Sol Nursing Home and Pima County Home Health are not included within the statutory definition of medical care and treatment.[6] "Medical care and treatment" is defined—somewhat circularly—by section 12–961, which provides in part:

[U]nless the context otherwise requires:

1. "Medical care and treatment" includes hospital, *medical,* psychological, surgical and dental care, ambulance services, prostheses, medical appliances and supplies, pharmaceutical supplies and physical therapy.

A.R.S. § 12–961 (1992) (emphasis added).

We believe that section 12–962 provides the State with a right to recover the costs of all medical care and treatment that it was required by law to provide. The Arizona Legislature enacted this statute to provide "state agencies like AHCCCS a variety of methods to seek reimbursement." *See Yakel,* 97 B.R. at 581 (dictum). Given the context, we believe the Legislature intended the term "medical care and treatment" to encompass *at least* those services that the State is required by law to provide.

A.R.S. section 36–2939(A) requires AHCCCS to provide nursing facility services to "those determined to need institutional services." Thus, if AHCCCS was required to provide the nursing services, then pursuant to section 12–962, AHCCCS may seek reimbursement for the services it provided.

While the record fails to disclose the necessary detail to determine whether all costs may be recovered, at least some appear to be recoverable. On remand the parties may present evidence as to whether the costs constitute reimbursable medical care.

Another issue remains to be considered on remand. Because of its decision that

---

**5.** The statute provides that "[t]his article does not affect any other provision of law providing for recovery by this state or any of its political subdivisions of the cost of care and treatment described in § 12–962." A.R.S. § 12–964 (1992).

**6.** Bentley conceded at oral argument that some nursing services, such as administering medication and taking blood pressure, constitute medical care under the statute.

AHCCCS could not recover, the superior court did not decide whether AHCCCS should be required to compromise its claim pursuant to A.R.S. section 36–2915(I) and (J), and, if so, what the amount of the compromise should be.[7] AHCCCS states that it made an attempt to compromise, but that Bentley's representatives refused to agree to the offered amount. It argues that no further compromise should be required. On remand, the court should consider AHCCCS's effort to compromise the claim as one of the several factors contemplated by the statute.

For the reasons explained in this opinion, we conclude that the superior court erred in holding that A.R.S. section 12–962(B)(3) provides AHCCCS with no basis for recovery in this case. We reverse the judgment denying relief under this statute and remand for further proceedings consistent with this opinion. Because AHCCCS may be entitled to recover some or all of its claim after further proceedings are held, we also reverse the superior court's award of attorneys' fees made to Bentley as the prevailing party.

FIDEL, P.J., and SULT, J., concur.

---

**7.** A.R.S. section 36–2915(I) and (J) state:

I. A public entity shall compromise a claim it has pursuant to ... 12–962 ... if, after considering the factors listed in subsection J of this section, the compromise provides a settlement of the claim which is fair and equitable.

J. In determining the extent of the compromise of the claim required by subsection I of this section, the public entity shall consider the following factors:

1. The nature and extent of the patient's injury or illness.

2. The sufficiency of insurance or other sources of indemnity available to the patient.

3. Any other factor relevant for a fair and equitable settlement under the circumstances of a particular case.