## BIRTH HOPE ADOPTION AGENCY, INC., an Arizona corporation, Plaintiff–Appellant,

### v.

## ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM, an agency of the State of Arizona, aka, Arizona Health Care Cost Containment System, aka AHCCCS; Mabel Chen, as Director of the Arizona Health Care Cost Containment System Administration; John H. Kelly, Acting Director of the Arizona Health Care Cost Containment System Administration, Defendants–Appellees.

### No. 99–16057

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2000

Filed July 12, 2000

---

Steven S. Lubliner, Furth, Fahrner & Mason, San Francisco, California, for the plaintiff-appellant.

Logan T. Johnston, Johnston & Dodd, Phoenix, Arizona, for the defendants-appellees.

Frederick W. Reif, Pelham Manor, New York, for the amicus.

Before: LEAVY, T.G. NELSON, and HAWKINS, Circuit Judges.

LEAVY, Circuit Judge:

Birth Hope Adoption Agency, Inc., an adoption and child placement agency licensed by the State of Arizona, brought this action seeking a declaration that Ariz. Rev.Stat. § 8–548.07 violates the Commerce Clause. Section 8–548.07 requires out-of-state persons who adopt children from Arizona to reimburse the State of Arizona for the full cost of prenatal care and delivery of the adopted child when such costs have been paid by the Arizona Health Care Cost Containment System ("AHCCCS"). The district court granted summary judgment in favor of AHCCCS on the ground that the state seeks reimbursement of the same costs from in-state adoptive parents under Ariz.Rev.Stat. § 36–2903.G. We reverse and remand for entry of summary judgment in favor of Birth Hope Adoption Agency.

## FACTS AND PRIOR PROCEEDINGS

The Interstate Compact on the Placement of Children (the Compact), which has been adopted by all 50 states, governs placement of children in adoptive homes among the signatory states. The Compact is codified in Arizona at Ariz.Rev.Stat. § 8–548 *et seq.* In 1995, the State of Arizona passed Senate Bill 1167, which added a provision to the Compact, Ariz. Rev.Stat. § 8–548.07. The new provision states in pertinent part:

> The state shall be reimbursed by the adoptive parents or by the person obligated to reimburse the adoptive parents in full for costs of prenatal care and delivery of the child for any child placed pursuant to the interstate compact upon the placement of children for the total costs for prenatal care and delivery of the child including capitation, reinsurance and any fee-for-service costs incurred by the Arizona health care cost containment system.

Ariz.Rev.Stat. § 8–548.07.A (2000).

Appellant, Birth Hope Adoption Agency, places children in adoptive homes outside of Arizona pursuant to the Compact. According to its complaint: "More than ninety percent (90%) of birth mothers working with Birth Hope are within the purview of AHCCCS and all of the children placed for adoption by Birth Hope are placed in foreign states."

After passage of SB 1167, AHCCCS sent Birth Hope demand letters seeking recovery of AHCCCS' expenditures for payment of prenatal care and delivery services rendered on behalf of birth mothers whose children were placed by Birth Hope. AHCCCS told Birth Hope that it "may

qualify as a third party liability source" to which AHCCCS may look for recovery of its expenditures.

Birth Hope brought this declaratory judgment action, seeking a declaration that § 8–548.07 is unconstitutional because its facial discrimination against non-resident adoptive parents violated the Commerce Clause, and an injunction against its enforcement. Cross-motions for summary judgment were filed. In support of its motion for summary judgment, the State of Arizona argued that, while § 8–548.07 did not require reimbursement of adoption related costs by adoptive parents resident in Arizona, the State of Arizona sought reimbursement of such costs from residents, under a different Arizona statute, § 36–2903.G, which provides:

> Except for reinsurance obtained by providers, the administrator shall coordinate benefits provided under this article to any eligible person who is covered by workers' compensation, disability insurance, a hospital and medical service corporation, a health care services organization, an accountable health plan or any other health or medical or disability insurance plan including coverage made available to persons defined as eligible under section 36–2901, paragraph 4, subdivisions (d), (e), (f) and (g), or who receives payments for accident-related injuries, so that any costs for hospitalization and medical care paid by the system are recovered from any other available third party payors. The administrator may require that providers and nonproviders are responsible for the coordination of benefits for services provided under this article. Requirements for coordination of benefits by nonproviders under this section shall be limited to coordination with standard health insurance and disability insurance policies and similar programs for health coverage. The system shall act as a payor of last resort for persons defined as eligible pursuant to section 36–2901, paragraph 4, subdivision (a), (c) or (h). The system shall also act a payor of last resort for persons defined as eligible pursuant sec-

tion 36–2901, paragraph 4, subdivision (b) or section 36–2974 unless specifically prohibited by federal law. The director may require eligible persons to assign to the system and a county rights to all types of medical benefits to which the person is entitled, including but not limited to first party medical benefits under automobile insurance policies based on the order of priorities established pursuant to § 36–2915. The state has a right to subrogation against any other person or firm to enforce the assignment of medical benefits. The provisions of this subsection are controlling over the provisions of any insurance policy which provides benefits to an eligible person if the policy is inconsistent with the provisions of this subsection.

Ariz.Rev.Stat. § 36–2903.G (2000).

The state submitted the affidavit of Steven Kohls, Management Analyst for AHCCCS, in which he asserted that AHCCCS established an "Adoption Recovery Program" after enactment of § 8–548.07. According to Kohls,

> that program attempts to recover amounts paid by AHCCCS for the costs of prenatal care and delivery for children placed out-of-state, pursuant to A.R.S. § 8–548.07, and for children placed in Arizona, pursuant to A.R.S. § 36–2903.G. AHCCCS seeks to recover the same costs for the same services using the same recovery policy and procedures regardless whether the adoptive parents reside in or out of Arizona.

The district court denied Birth Hope's motion for summary judgment and granted the state's motion. Birth Hope's motion for a new trial or to alter or amend judgment was denied on March 18, 1999. Birth Hope timely appealed on April 16, 1999.

## STANDARD OF REVIEW

■ We review the grant of summary judgment de novo. *Abdul–Jabbar v. General Motors Corp.*, 85 F.3d 407, 410 (9th

Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Berry v. Valence Technology, Inc.,* 175 F.3d 699, 703 (9th Cir.1999).

## DISCUSSION

■ The constitutional provision of power "[t]o regulate Commerce ... among the several States," U.S. Const., Art. I, § 8, cl.3, has long been seen as a limitation on state regulatory powers "unjustifiably to discriminate against or burden the interstate flow of articles of commerce." *Oregon Waste Systems, Inc. v. Department of Environmental Quality,* 511 U.S. 93, 98, 114 S.Ct. 1345, 128 L.Ed.2d 13 (1994). "[D]ifferential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter" constitutes discrimination. *Id.* at 99, 114 S.Ct. 1345. A law is discriminatory if it "tax[es] a transaction or incident more heavily when it crosses state lines than when it occurs entirely within the State." *Chemical Waste Management, Inc. v. Hunt,* 504 U.S. 334, 342, 112 S.Ct. 2009, 119 L.Ed.2d 121 (1992).

■ The first step in evaluating state regulatory measures under the dormant Commerce Clause "is to determine whether it 'regulates evenhandedly with only "incidental" effects on interstate commerce, or discriminates against interstate commerce.'" *Oregon Waste Systems,* 511 U.S. at 99, 114 S.Ct. 1345 (quoting *Hughes v. Oklahoma,* 441 U.S. 322, 336, 99 S.Ct. 1727, 60 L.Ed.2d 250 (1979)). Birth Hope, as the party challenging § 8–548.07, bears the initial burden of showing that the statute discriminates against interstate commerce. *Hughes,* 441 U.S. at 336, 99 S.Ct. 1727. Section 8–548.07 is discriminatory on its face because it requires only out-of-state adoptive parents to reimburse AHCCCS.

■ Because the Arizona statute is discriminatory "the virtually per se rule of invalidity provides the proper legal standard." *Oregon Waste Systems,* 511 U.S. at 100, 114 S.Ct. 1345. The statute must be invalidated unless the State can "show [ ] that it advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives." *New Energy Co. v. Limbach,* 486 U.S. 269, 278, 108 S.Ct. 1803, 100 L.Ed.2d 302 (1988).

■ The State of Arizona defends § 8–548.07 as a valid compensatory tax, asserting that AHCCCS seeks recovery under § 36–2903.G of the same costs from in-state adoptive parents. The Supreme Court has recognized the compensatory tax defense as a possible justification for a discriminatory surcharge or tax. *Oregon Waste Systems,* 511 U.S. at 102, 114 S.Ct. 1345. "[A] facially discriminatory tax that imposes on interstate commerce the rough equivalent of an identifiable and substantially similar tax on intrastate commerce does not offend the negative Commerce Clause." *Id.* at 102–03, 114 S.Ct. 1345 (quotation omitted). Moreover, "[t]here is no demand in the Constitution that the State shall put its requirements in any one statute." *Fulton v. Faulkner,* 516 U.S. 325, 332, 116 S.Ct. 848, 133 L.Ed.2d 796 (1996).

■ Supreme Court cases have distilled three necessary conditions for a valid compensatory tax. First, the state must "identify ... the [intrastate tax] burden for which the State is attempting to compensate." *Oregon Waste Systems,* 511 U.S. at 103, 114 S.Ct. 1345. Second, the "tax on interstate commerce must be shown roughly to approximate—but not exceed—the amount of the tax on intrastate commerce." *Id.* Third, "the events on which the interstate and intrastate taxes are imposed must be substantially equivalent." *Id.*

■ The state argues that § 36–2903.G, when read in combination with another Arizona statute, Ariz.Rev.Stat. § 25–501, meets the first condition, the creation of an

intrastate "tax" burden for which § 8–548.07 seeks to compensate. We note as a preliminary matter that "[t]he scope of an agency's power is measured by statute and may not be expanded by agency fiat." *Arizona Health Care Cost Containment System v. Bentley,* 187 Ariz. 229, 928 P.2d 653, 656 (Ariz.App.1996). Section 36–2903.G, on its face, does not require resident adoptive parents to reimburse the state for the costs of prenatal care and delivery of their adopted children. The section concerns "third party payors," such as health insurance plans purchased by resident adoptive parents, if the plans provided applicable coverage. The state argues that § 25–501, which provides that "every person has the duty to provide all reasonable support for that person's natural and adopted minor ... children," Ariz. Rev.Stat. § 25–501 (2000), transforms resident adoptive parents into "third party payors" for purposes of § 36–2903. Section 25–501 does not impose liability on adoptive parents for pre-adoption support of adoptees. Thus, the two statutes, when read together, do not authorize the state's attempts to collect from resident adoptive parents the costs of prenatal care and delivery of their adopted children.

Section 8–548.07 imposes a personal liability on out-of-state adoptive parents which is not imposed by § 36–2903.G or § 25–501 on in-state adoptive parents and, therefore, creates a tax burden not borne by in-state parents. Thus, the state does not meet the first condition necessary for a valid compensatory tax.

## CONCLUSION

The district court's grant of summary judgment in favor of AHCCCS is REVERSED and the case is REMANDED for entry of summary judgment in favor of Birth Hope.